**Ex parte Johnny R. YTUARTE.**

**No. 57995.**

Court of Criminal Appeals of Texas,
En Banc.

March 7, 1979.

Rehearing En Banc Denied April 25, 1979.

## OPINION

DALLY, Judge.

This is a post-conviction habeas corpus proceeding. See Art. 11.07, V.A.C.C.P.

The petitioner was convicted of the offense of burglary of a vehicle on July 8, 1977. Petitioner asserts that the judgment of conviction is void because he was not provided an examining trial as required by V.T.C.A. Family Code, Sec. 54.02(h) before the indictment was returned by the grand jury.

■ On May 6, 1977, the petitioner was, by the juvenile court, certified to be tried as an adult and the cause was transferred to the Criminal District Court of Jefferson County for trial. The petitioner was not granted an examining trial before the grand jury returned the indictment against him on June 2, 1977. The petitioner did not waive an examining trial as provided in V.T.C.A. Family Code, Sec. 51.09(a). See *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App. 1978).

A majority of this Court, with four judges dissenting, has held that absent a waiver made pursuant to V.T.C.A. Family Code, Sec. 51.09(a), the failure to afford a juvenile who has been certified as an adult an examining trial before he is indicted renders the indictment void. *White v. State,* 576 S.W.2d 843 (Tex.Cr.App. 2/7/79); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App. 2/7/79).

■ A void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr. App.1976); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State,* 517 S.W.2d 538 (Tex.Cr.App.1975).

Under the authority of *White v. State,* supra, and *Jones v. State,* supra, the petitioner is entitled to the relief which he seeks. The judgment and conviction are set aside and the indictment is ordered dismissed. The cause is remanded to the District Court for proceedings not inconsistent with this opinion.

It is so ordered.