**Ex parte Camilo GUZMAN, Jr.**

**No. 62649.**

Court of Criminal Appeals of Texas,
En Banc.

Nov. 21, 1979.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a habeas corpus proceeding under Article 11.07, V.A.C.C.P., and in accordance with *Ex parte Young*, 418 S.W.2d 824 (Tex. Cr.App.). The applicant seeks release from confinement in the Texas Department of Corrections under his conviction on a plea of guilty for the offense of murder with malice aforethought in Cause No. 3909 in the 36th Judicial District Court of San Patricio County on November 15, 1972, where punishment was assessed at twenty five years. Review of that judgment by appeal was not sought.

In his application for relief, applicant alleges that his conviction is void "by virtue of the fact that the Court was without jurisdiction to render judgment and sentence upon Petitioner's plea of guilty in that the indictment having been returned prior to an examining trial required by Art. 2338–1, Sec. 6(j), V.A.C.S. (repealed) is void; . . . ."[1] Applicant urges that our deci-

---

1. Art. 2338–1, Sec. 6(j), V.A.C.S. (Vernon 1971) (repealed) provided as follows:

"(j) If the juvenile court waivers jurisdiction it shall certify its action, including the

sion in *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.), and others which follow *Menefee* are controlling in this case. We disagree.

At the hearing held on petitioner's application it was shown that he was fifteen years old at the time the offense was committed, and was sixteen when he was indicted. Accordingly, the District Court of San Patricio County, sitting as a Juvenile Court, had exclusive original jurisdiction over applicant's conduct. Art. 2338–1, Sec. 5(a), V.A.C.S. (repealed and replaced by V.T.C.A., Family Code Section 51.04(a) (Vernon Supp.1978–1979)). On June 20, 1972, however, the Juvenile Court, after a hearing, waived its jurisdiction and transferred the applicant to the 36th Judicial District Court of San Patricio County as an adult. See Art. 2338–1, Sec. 6(b), V.A.C.S. (repealed and replaced by V.T.C.A., Family Code Section 54.02(a), (c) (Vernon 1975)). On July 21, 1972, the applicant was indicted for the offense which forms the basis of this post-conviction proceeding.

In addition to the certification order and indictment, the record contains an order committing the applicant to jail and setting bail. This order is not dated and is captioned with the number assigned in the juvenile cause, but with a designation that the court was "Sitting as an Examining Court". However, testimony at the hearing on the present application by the District Attorney at the time of the original proceedings in 1972, established that this order was based upon a hearing which was held subsequent to the transfer by the Juvenile Court on June 20 and prior to return of the indictment on July 21 and that the juvenile cause number was used because no other number had been assigned to the case.

At the conclusion of the hearing, the trial court found, inter alia:

"7. The 36th Judicial District Court, sitting as a Juvenile Court, waived its jurisdiction over Petitioner on June 20, 1972, and transferred the Child to the 36th District Court of San Patricio County.

"8. . . .

"9. That subsequent to the June 29 [June 20], 1972, hearing at which time the Petitioner was certified as an adult, and before July 21, 1972, when the indictment against him was returned another hearing was held before the 36th District Court sitting as an Examining Court to determine whether or not probable cause existed for holding the Petitioner over for action by the Grand Jury.

"10. That at some date following June 20, 1972, but prior to July 21, 1972, the Trial Court sitting as an Examining Court committed Petitioner to jail to answer to the State of Texas before the

---

written order and findings of the court and accompanied by a complaint against the child, and transfer the child to the appropriate district court or criminal district court for criminal proceedings. Upon transfer of the child for criminal proceedings he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. *However, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court.*" (Emphasis added.)

V.T.C.A., Family Code Section 54.02(h) (Vernon Supp.1978–1979), which replaced Art. 2338–1, Sec. 6(j), and upon which the recent decisions of this Court have been based, carries forward the provision for waiver of jurisdiction in almost identical language:

"(h) If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, in-

cluding the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. *The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court.*" (Emphasis added.)

In light of the similarity of the statutes, we expressly extend the rule enunciated in *Ex parte Menefee*, 561 S.W.2d 822 to applicant's allegations raised under the predecessor to V.T.C.A., Family Code Section 54.02(h). See *Ex parte Buchanan*, 588 S.W.2d 596 (No. 62653, 10/24/79) and *Ex parte Menefee*, 561 S.W.2d 822, 829–830.

District Court of San Patricio County, Texas, 36th Judicial District at its present term for the offense of murder with malice aforethought, and ordered the Sheriff to safely keep Petitioner to await the order of the District Court together with the commitment and set bail at $5,000.00.

"11. The Petitioner did not waive an Examining Trial following his certification of June 20, 1972, and prior to his indictment of July 21, 1972.

"12. The 36th Judicial District Court of San Patricio County conducted an Examining Trial of the Petitioner prior to July 21, 1972, and subsequent to June 20, 1972, and did not remand the Petitioner to the jurisdiction of the Juvenile Court, but ordered the Petitioner held in jail for further orders of the District Court.

"13. Although the order by the 36th Judicial District Court, sitting as an Examining Court, purports to be filed in the juvenile proceeding, Cause No. 681, the order was in fact filed in the 36th District Court of San Patricio County, sitting as an Examining Court and not sitting as a Juvenile Court.

"14. That the indictment of the Petitioner for murder with malice aforethought returned on July 21, 1972, was done after the Petitioner was afforded an Examining Trial."

Accordingly, the trial court recommended that relief be denied.

■ The evidence before the trial court supports its finding that the indictment was returned after an examining trial and its conclusion that the indictment was not void. Contrary to applicant's allegations, the record affirmatively reflects that an examining trial was in fact held in the District Court to which applicant was transferred. That the juvenile court number appeared at the top of the order entered by the trial judge is not significant, in light of the remainder of the caption designating the 36th Judicial District Court as an "Examining Court" and the testimony that the hearing was held subsequent to the waiver of jurisdiction by the juvenile court and prior to return of the indictment. *Menefee* and its progeny are not in point.

■ Further, we acknowledge that the trial court made an express finding that the hearing held before the 36th District Court was to determine the existence of probable cause for holding applicant over for grand jury action, and that the trial court made no finding as to any inquiry whether the applicant should be tried as an adult or remanded to juvenile court. This express finding may imply that the Examining Court dealt only with the question of probable cause. However, this Court is not bound by the findings of the trial court in a habeas corpus proceeding. *Ex parte Young*, 479 S.W.2d 45, 46 (Tex.Cr.App.). Accordingly, we are authorized to conclude that since no statement of facts of the original proceedings has been prepared and filed as part of the record, any question of whether proper inquiries were made at the examining trial has been waived. The burden of proof in a collateral attack on a conviction is on the applicant. *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.). Although a presumption of procedural regularity will not support a conclusion that an examining trial was held, *White v. State*, 576 S.W.2d 843, 845 (Tex.Cr.App.), when the record shows that such an event did take place, the presumption of regularity is that all procedural steps within the proceeding were complied with. There being no affirmative showing that procedural requirements were violated, a presumption of regularity must prevail. See *Green v. State*, 510 S.W.2d 919 (Tex.Cr.App.). See also *Ex parte Rocha*, 482 S.W.2d 169, 170 (Tex.Cr. App.). We hold, then, that the indictment charging applicant with the offense of murder with malice aforethought was not void and that applicant is not entitled to the relief he seeks.

The relief sought is denied.