**Rolando HERNANDEZ, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 58298.**

Court of Criminal Appeals of Texas, Panel No. 1.

Jan. 30, 1980.

Rehearing Denied Sept. 10, 1980.

John C. Mullen, Alice, for appellant.

Arnoldo R. Garcia, Dist. Atty. and Rolando Rene Ramirez, Asst. Dist. Atty., Alice, Robert Huttash, State's Atty., Austin, for the State.

Before ONION, P. J., and ODOM and DALLY, JJ.

## OPINION

ONION, Presiding Judge.

This is an appeal from a conviction for the offense of aggravated rape of a child. V.T.C.A., Penal Code, Secs. 21.09 and 21.03. The jury assessed punishment at confinement for ten years in the Texas Department of Corrections.

On September 19, 1979, this Court in an unpublished per curiam opinion ordered the trial court to determine whether the appellant, who was sixteen years old at the time of the offense, had received an examining trial as required by *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.App.1977); *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State,* 576 S.W.2d 853 (Tex.Cr.App. 1979), and *Ex parte LeBlanc,* 577 S.W.2d 731 (Tex.Cr.App.1979).

The trial court was also ordered to determine that, if no examining trial had been held, whether or not the appellant had waived the required examining trial in a manner consistent with V.T.C.A. Family Code, Sec. 51.09(a). See *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978).

The trial court found that no examining trial was held after the juvenile court waived its exclusive jurisdiction and before the return of the indictment. The trial court also found that there was no effective waiver of an examining trial by the appellant. We find these conclusions of the trial court fully supported by the record.

In this case, the Juvenile Court for Jim Wells County was presided over by the Judge of the 79th Judicial District Court. Thus, both the transferor court and the transferee court were presided over by the same district judge.

The facts of this case should be contrasted however with those found in *Ex parte Guzman,* 589 S.W.2d 461 (Tex.Cr.App.1969), where the District Court of San Patricio County after sitting as a juvenile court waived its exclusive original jurisdiction and transferred the defendant to the 36th Judicial District Court of San Patricio County as an adult. In *Guzman,* an informal examining trial was found to have taken place prior to committing the defendant to jail and setting bond. The defendant in *Guzman* having received the benefit of *Ex parte Menefee* and its progeny was denied relief.

In the instant case, it appears that neither an examining trial nor an effective waiver was obtained prior to the return of the indictment against the appellant. It is clear therefore that the indictment returned against the appellant was void and that the District Court of Jim Wells County had no jurisdiction to proceed in the absence of a valid indictment. *Ex parte Menefee,* supra; *White v. State,* supra; *Jones v. State,* supra; *Ex parte LeBlanc,* supra.

The judgment is reversed and the indictment ordered dismissed.

DALLY, J., dissents.

Before the court en banc.

## OPINION DISSENTING TO THE OVERRULING OF THE STATE'S MOTION FOR REHEARING WITHOUT WRITTEN OPINION

DALLY, Judge.

Again, the Court extends the holding of *Ex parte Menefee,* 561 S.W.2d 822 (Tex.Cr.

App.1977). See *Ex parte Solete,* 603 S.W.2d 853 (Tex.Cr.App.1980; Opinion dissenting to the overruling of the Motion for Rehearing without written opinion filed this day) and *LeBlanc v. Gist, Judge, Criminal District Court, Jefferson County et al.,* 603 S.W.2d 841 (Tex.Cr.App.1979; Opinion dissenting to the overruling of the Motion for Rehearing without written opinion filed this day).

The State's Motion for Rehearing filed by the Hon. Alfred Walker, Assistant State's Attorney, expresses the matter well stating why *Menefee* should not be extended to those cases in which the same judge presides over the juvenile court and the district court. The State's Motion (without quotation marks) reads:

## STATE'S MOTION FOR REHEARING

### *The Majority Opinion*

Appellant was a juvenile at the time he was tried. Based on *Ex parte Menefee,* 561 S.W.2d 822, the judgment of the trial court was reversed. The trial judge found that no examining trial was held after the juvenile court waived its exclusive jurisdiction and before the return of the indictment.

### *The State's Complaint*

The State respectfully contends that the Court has so expanded the *Menefee* doctrine as to lead into the quicksand of form without substance.

### *The Record*

The juvenile hearing was before the district judge, the same judge who conducted the trial . . . .

The district judge, sitting as juvenile judge, found that '. . . evidence was presented concerning the alleged offense upon which a grand jury may be expected to return an indictment.' He also found all other matters to be present so as to cause him to certify appellant to the district court for trial . . . .

### *Argument and Authorities*

Although the juvenile judge and the district judge were not the same person in *Menefee,* the instant opinion allows *Menefee* to lead it into holding that:

(1) The juvenile judge,

(2) who is the district judge,

(3) and who, while wearing the cap of juvenile judge,

(4) finds evidence sufficient to warrant an indictment,

(5) must take off the cap of juvenile judge and put on the cap of district judge,

(6) and conduct an examining trial and hear the evidence all over again,

(7) in order to convince himself of something he already knows,

(8) so that he won't send the juvenile back to the juvenile judge, which gets us back to (1), the place of beginning.

The State respectfully submits that such an exercise smacks of a little game—a game sort of like musical chairs. This game might be called, 'Hey, man, which cap does the Judge have on?'

If an examining trial for a juvenile were a jurisdictional matter, then it might be logically argued that, as empty as it might appear, it was still necessary for the same judge to change caps and go through the mechanical motions of conducting a second hearing. But it is *not* a jurisdictional matter. *Criss v. State,* 563 S.W.2d 942.

If the majority of this Court had been willing to extend the holdings in *Menefee* and *White v. State,* 576 S.W.2d 843, to include the concept that the examining trial must be conducted by a *person* different from the judge who conducted the juvenile hearing, then and only then would this appellant have been deprived of a right.

As matters now stand, this appellant's right to an examining trial was protected. He was deprived of nothing more than a mere empty, meaningless, mechanical procedure.

When the purpose of a rule has been fulfilled, further exercises in the name of that purpose are purposeless.

WHEREFORE, the State prays that its Motion for Leave to File a Motion for Rehearing be granted; that its Motion for Rehearing be granted, and that the judgment be in all things affirmed.

I would grant the State's Motion for Rehearing and deny the relief sought.

DOUGLAS, TOM G. DAVIS and W. C. DAVIS, JJ., join in this dissent.