**Ex parte Lloyd W. ALEXANDER, Appellant.**

**No. 63226.**

Court of Criminal Appeals of Texas, En Banc.

May 14, 1980.

---

4. The District Attorney has filed no brief in this case.

Robert Huttash, State's Atty., Alfred Walker, Asst. State's Atty., Austin, for the State.

## OPINION ON STATE'S MOTION FOR REHEARING

W. C. DAVIS, Judge.

Our prior opinion is withdrawn. This is a post conviction writ of habeas corpus filed pursuant to Article 11.07, Vernon's Ann.C.C.P. In our opinion on original submission, we granted the petitioner relief, holding that the State had not shown that this petitioner, who was a juvenile certified to stand trial as an adult when convicted, had been given an examining trial prior to indictment or had executed a valid waiver thereto. See *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977); *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App.1979). The State now contends that we erred in that disposition, in that our holding, in effect, placed the burden of proof in a habeas corpus proceeding upon the State. We agree, and grant the State's motion for rehearing.

Petitioner was convicted upon his pleas of guilty to the murders. No appeals were taken from these convictions. Almost nine years later, this writ was filed.

In *Ex parte Sanders v. State*, 588 S.W.2d 383 (Tex.Cr.App.1979), we reaffirmed that in a post-conviction habeas corpus proceeding, the burden of proof of the allegations which entitle the petitioner to relief, is upon the *petitioner*. See also, *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977); *Ex parte Clark*, 537 S.W.2d 40 (Tex.Cr.App. 1976).

In the instant case, the trial court held a hearing on petitioner's writ, in which he urged that as a juvenile certified as an adult in 1970, he had not been given his right to an examining trial prior to his indictments for murder. See Article 2338–1, V.A.C.S., the predecessor to Title 3, V.T. C.A. Family Code; see also *Ex parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App.1979). At the hearing, petitioner first testified that he had not been given an examining trial prior to his indictment in 1970; however, he later retracted this, and stated that he just did not *remember* whether or not he had had an examining trial. John Adamson, the attorney who had represented petitioner on these murder charges, testified that he represented petitioner at the juvenile certification, through indictment and arraignment. He also testified that he did not *recall* whether an examining trial was held or not. The trial court's docket sheet from the prior proceedings was introduced into evidence. However, the first notation on the docket sheet is from a date *after* the return of the indictments; thus, it is not helpful in ascertaining what transpired *prior* to indictment.

Upon this record, we must conclude that petitioner has not sustained the burden, which was upon him, to prove his allegation that he was not afforded his right to an examining trial prior to indictment. The sum of the proof offered by petitioner simply shows that neither he, nor his attorney, *remembers*. Clearly, this was not sufficient to prove that no examining trial was held or waiver thereof executed.

We are aware of the statement in the plurality opinion of *White v. State*, supra, that:

". . . we require the record to affirmatively reflect that an examining trial has in fact been held in the District Court to which the juvenile is transferred."

However, that case was a direct appeal to this Court, not a writ of habeas corpus wherein the petitioner bears the burden of proving his factual allegations.

The State's motion for rehearing is granted; the relief sought by petitioner is denied.