### Ex parte Henry Dewayne LANTROOP.

### No. 64185.

Court of Criminal Appeals of Texas, En Banc.

May 21, 1980.

Rehearing Denied Oct. 1, 1980.

Robert Huttash, State's Atty., Austin, for the State.

### OPINION

ONION, Presiding Judge.

This is a post–conviction application for habeas corpus. Petitioner was convicted of robbery by firearm on April 26, 1974, following a guilty plea to the trial court and sentenced to twenty (20) years in the Texas Department of Corrections.

In his habeas corpus application the petitioner asserts that his conviction is void because the District Court that rendered judgment and sentenced him was without

---

jurisdiction to do so. At the time of the alleged offense, October 2, 1973, he was fifteen years old. His case, he alleges, was transferred from Juvenile Court to District Court, and there was no examining trial in District Court as required under V.T.C.A., Family Code, § 54.02(h). See *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979), and *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977).

The record indicates that the trial judge in the certification/transfer hearing and at the robbery trial also presided when the petition in the case at bar came before the District Court on January 7, 1980. He found that at the time of the offense petitioner was fifteen years old; that a certification/transfer hearing was held in the 52nd Judicial District Court of Coryell County, sitting as Juvenile Court; that following the hearing it was ordered that jurisdiction of the Juvenile Court be waived and the cause be transferred to the 52nd District Court for criminal proceedings; that the indictment was returned on April 26, 1974, petitioner entered his guilty plea, was convicted and sentenced for robbery by firearms. Then the trial judge found that

> "[a]t no time during the certification/transfer hearing, nor prior to the return of the Indictment, was Petitioner afforded an examining trial pursuant to Family Code Sec. 54.02(b)(h) (1973), as interpreted by the Court of Criminal Appeals of the State of Texas in *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Crim.App. 1977). Accordingly, it is the recommendation of this Court that the Court of Criminal Appeals grant the relief sought by Petitioner."

Further, we do not find that the petitioner waived an examining trial.

We find from the record before us that the trial judge was correct in recommending the relief sought by petitioner. The indictment returned for the trial of robbery by firearm was void under *White*, supra, and *Menefee*, supra. Thus, petitioner's post–conviction petition for writ of habeas corpus is granted; prosecution is ordered dismissed; he is ordered discharged from custody.

DISSENTING OPINION ON COURT'S FAILURE TO GRANT LEAVE TO FILE STATE'S MOTION FOR REHEARING

DOUGLAS, Judge.

The majority overrules the State's motion for rehearing without written opinion. The case of *Ex parte Alexander*, 598 S.W.2d 308 (Tex.Cr.App.1980), controls. Petitioner alleged that he was a juvenile at the time of trial, that he was indicated without being afforded his right to an examining trial and that he did not affirmatively waive his right to an examining trial. The cause was transferred to the juvenile court and he was thereafter indicted and convicted. The trial court found that petitioner was not afforded and examining trial pursuant to the Family Code, Section 54.02(b)(h).

There is nothing in the record to show that the petitioner did not waive his right to examining trial. The record does not show that the petitioner waived an examining trial. A juvenile can waive his right to an examining trial. *Criss v. State*, 563 S.W.2d 942 (Tex.Cr.App.1978).

In the *Alexander* case, this Court wrote:

> "Clearly, this [is] not sufficient to prove that no examining trial was held or a waiver thereof executed."

The burden is on petitioner to show and to prove the allegations that would entitle him to relief as the Court held in the *Alexander* case.

The findings of the trial judge are not sufficient to grant relief because he found that petitioner was at no time "afforded an examining trial." The word "afforded" does not negate the fact that there could have been a waiver.

The relief sought should be denied.

W. C. DAVIS, J., joins in this dissent.