## Ex parte Randy KIRKWOOD.

### No. 64612.

Court of Criminal Appeals of Texas, En Banc.

June 11, 1980.

---

1. We do not pass upon the sufficiency of the motion to revoke.

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

DALLY, Judge.

The petitioner seeks post-conviction relief from a conviction for the offense of murder. He is now serving a sentence of thirty years.

After considering the petition the trial court found that: the petitioner was a juvenile when the murder was committed, and he was certified to be tried as an adult. The trial court also found that the petitioner did not have or waive an examining trial prior to indictment and is therefore entitled to the relief he seeks.

The State, while arguing that the holdings of the majority of this Court are wrong, concedes that the petitioner is entitled to the relief he seeks under *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App. 1979); *Ex parte Chatman*, 577 S.W.2d 734 (Tex.Cr.App.1979); *Ex parte LeBlanc*, 577 S.W.2d 731 (Tex.Cr.App.1979); *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977).

The writer of this opinion, Judge Douglas, and Judge W. C. Davis joined the dissenting opinion of Judge Tom Davis in *White v. State*, supra, and we still believe the view expressed in that dissenting opinion is correct. Nevertheless, under the holdings of the majority the petitioner is entitled to have the judgment set aside and the indictment dismissed in the *State of Texas v. Randy A. Kirkwood* in Cause No. 31,716 in the Criminal District Court of Jefferson County.

It is so ordered.