**Ex parte Billy Ray WILLIAMS.**

**No. 68831.**

Court of Criminal Appeals of Texas, En Banc.

March 3, 1982.

could have came (sic) from a private driveway; could have came (sic) from the yard which the

Robert Huttash, State's Atty., Austin, for the State.

OPINION

McCORMICK, Judge.

This is an original application for habeas corpus which was submitted to this Court by the trial court pursuant to the provisions of Article 11.07, V.A.C.C.P. On August 3, 1973, petitioner was certified as an adult by

ditch is adjoined."

the Juvenile Court of Rusk County. On September 5, 1973, petitioner was indicted for the offense of murder with malice aforethought. Petitioner entered a plea of guilty on October 29, 1973, and was sentenced to fifty years' confinement.

■ Petitioner alleges his conviction is void because he was not accorded an examining trial before the return of his indictment, and thus, the district court never acquired jurisdiction over him. This Court, in *Ex parte Menefee*, 561 S.W.2d 822 (Tex. Cr.App.1977), held that an examining trial before the district court is the second vital step in determining whether a juvenile should be tried as an adult, and is required by V.T.C.A. Family Code, Section 54.02(h). Failure to hold such an examining trial before an indictment is returned in effect voids any subsequent indictment. *Ex parte Pierce*, 621 S.W.2d 634, 635 (Tex.Cr.App. 1981); *Ex parte Lantroop*, 604 S.W.2d 116 (Tex.Cr.App.1980); *Hernandez v. State*, 603 S.W.2d 848 (Tex.Cr.App.1980); *Ex parte Kirkwood*, 599 S.W.2d 829 (Tex.Cr.App. 1980); *Ex parte Gilbert*, 593 S.W.2d 685 (Tex.Cr.App.1980).

■ The evidence before us does not support petitioner's claim. The district judge who heard the case, the county attorney, and the appointed defense counsel all testified at the evidentiary hearing that they *could not remember* if an examining trial was held. The petitioner testified that he did not even know what an examining trial was. The docket sheet, if anything, would tend to substantiate the fact that an examining trial *was* held. The docket sheet shows that on August 3, 1973, the county judge, sitting as judge of the juvenile court, certified petitioner as an adult. On the same date, petitioner was taken before District Judge J. C. Gladney. At that time, the docket sheet shows Judge Gladney received the order of certification from the juvenile court and the complaint. Judge Gladney issued a warrant of arrest, gave the magistrate's warning to petitioner and set bond at $25,000. Finally, Judge Gladney appointed the attorney who had represented petitioner in the juvenile proceed-

ings as defense counsel in the criminal proceedings. It is possible that an examining trial was held at this time. Petitioner has not proved otherwise.

A similar situation was presented in *Ex parte Alexander*, 598 S.W.2d 308 (Tex.Cr. App.1980). At the evidentiary hearing, testimony showed that neither Alexander nor his attorney at the time of trial could remember if there had been an examining trial. In addition, the docket sheet introduced into evidence did not sustain Alexander's burden since the first notation on the docket sheet was from a date after the return of the indictment. This Court set out that, in a post conviction habeas corpus proceeding, the burden of proof of the allegations which entitle the petitioner to relief is upon the petitioner. The Court found that the evidence offered in Ex parte Alexander, supra, was insufficient to sustain Alexander's burden of proving that he was not accorded an examining trial.

Petitioner in the case at bar has not met his burden of proof. *Ex parte Sanders*, 588 S.W.2d 383 (Tex.Cr.App.1979); *Ex parte Rains*, 555 S.W.2d 478 (Tex.Cr.App.1977). Testimony that the individuals involved do not remember whether an examining trial was held is not equivalent to proving that there was no examining trial. Ex parte Alexander, supra.

Petitioner having failed to sustain his burden of proof, his application is denied.

ONION, Presiding Judge, dissenting.

This proceeding, involving a post-conviction application for writ of habeas corpus, was brought under the provisions of Article 11.07, V.A.C.C.P.

Petitioner was convicted of murder following his guilty plea on October 29, 1973, and subsequently his punishment was assessed at fifty (50) years' imprisonment.

Petitioner now contends that the indictment was void and the district court was without jurisdiction to try him because he was 16 years of age at the time of the alleged offense and at trial, and that he was not afforded an examining trial by the dis-

trict court after he was certified by the juvenile court for trial as an adult and prior to the time he was indicted. He further contends he did not waive an examining trial.

An evidentiary hearing was held in the trial court upon this post-conviction habeas corpus application. The undisputed evidence shows that petitioner's birth date was November 10, 1956, and that he was 16 years old at the time of the commission of the alleged offense and at the time of his murder trial in district court on October 29, 1973.

The record also shows that on August 3, 1973, the county judge sitting as judge of the juvenile court certified petitioner to the 4th Judicial District Court for trial as an adult on the charge of murder. On this same date petitioner was taken before said district court where the district judge appointed counsel for him, and in the presence of petitioner, his counsel and the county attorney, read to the petitioner a form entitled "Warning by Magistrate," signed an arrest warrant, fixed bail in the amount of $25,000.00.

Neither the district judge, now retired, the county attorney, nor appointed counsel could remember that any evidence was heard. It appears none was heard.

When asked if he ever requested or asked for an examining trial, the petitioner, who was 16 years old at the time, stated that he had not because he didn't know "what it was." His appointed attorney could not recall whether he advised the petitioner he had a right to an examining trial.

A void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks*, 542 S.W.2d 183 (Tex.Cr.App. 1976); *Ex parte Jones*, 542 S.W.2d 179 (Tex.Cr.App.1976); *Standley v. State*, 517 S.W.2d 538 (Tex.Cr.App.1975); *Ex parte Ytuarte*, 579 S.W.2d 210 (Tex.Cr.App.1979).

It is also well established that an indictment is void on the basis that the court lacks jurisdiction where the defendant is a juvenile certified by the juvenile court for trial as an adult and is not accorded an examining trial and has not waived an examining trial. This is true whether the provisions of Article 2338–1, V.A.C.S., were in effect, as in the instant case, or whether V.T.C.A., Family Code, § 54.02(h), is applicable. *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977); *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979); *Jones v. State*, 576 S.W.2d 853 (Tex.Cr.App.1979); *Ex parte Ytuarte*, supra; *Ex parte Buchanan*, 588 S.W.2d 596 (Tex.Cr.App.1979); *Ex parte Trahan*, 591 S.W.2d 837 (Tex.Cr.App. 1979); *Hernandez v. State*, 603 S.W.2d 848 (Tex.Cr.App.1980); *Ex parte Lantroop*, 604 S.W.2d 116 (Tex.Cr.App.1980). See also *Simonton v. State*, 586 S.W.2d 528 (Tex.Cr. App.1979); *Ex parte Kirkwood*, 599 S.W.2d 829 (Tex.Cr.App.1980).

The State appears to take the position that the provisions of Article 2338–1, supra, were met as the petitioner was in fact accorded an examining trial. Reliance is had upon *Ex parte Guzman*, 589 S.W.2d 461 (Tex.Cr.App.1979).

In *Guzman*, in addition to the certification order from the juvenile court and the indictment, the record contained an undated order committing Guzman to jail and setting bail. There was on this order a designation that the court was "Sitting as an Examining Court." Testimony at the hearing on the subsequent post-conviction habeas corpus application established that this order was based upon a hearing which was held subsequent to the certification by the juvenile court and prior to the return of the indictment. The habeas judge in *Guzman* made findings that Guzman had in fact been accorded an examining trial to determine the existence of probable cause to bind Guzman over to the grand jury for action. This court found the record supported the findings of the habeas judge and *Ex parte Menefee* and its progeny were not in point.

An examining trial to be accorded a juvenile certified to be tried as an adult is governed by Chapter 16 of the Code of Criminal Procedure and V.T.C.A., Family Code, § 52(h), which repealed Article 2338–1, § 6(j), V.A.C.S., which was applicable in

the instant case. Article 16.01, V.A.C.C.P., defines an examining trial, Article 16.09, V.A.C.C.P., requires the testimony be reduced to writing, and Article 16.17, V.A.C.C.P., provides:

"After the examining trial has been had, the judge shall make an order committing the defendant to the jail of the proper county, discharging him or admitting him to bail, as the law and facts of the case may require. Failure of the judge to make or enter an order within 48 hours *after* the examining trial has been completed operates as a finding of no probable cause and the accused shall be discharged."

In the instant case the habeas judge found he was unable to determine whether an examining trial was afforded the petitioner or not. This court is not bound by the findings of the trial court. *Ex parte Hagans*, 558 S.W.2d 457 (Tex.Cr.App.1977); *Ex parte Williams*, 561 S.W.2d 1 (Tex.Cr.App.1978); *Ex parte Ramirez*, 577 S.W.2d 261 (Tex.Cr.App.1979). Further, a presumption of procedural regularity will not support a conclusion that an examining trial was held. *White v. State*, 576 S.W.2d 843, 845 (Tex.Cr.App.1979). If the rule in *White* is applicable only to direct appeals and not to collateral attacks by writ of habeas corpus where petitioner has the burden of proof as indicated by *Ex parte Alexander*, 598 S.W.2d 308, 310 (Tex.Cr.App.1980),[1] then I would conclude the petitioner has sustained his burden of proof.

The form "Warning by Magistrate" read to the petitioner on August 3, 1973 expressly shows it was designed to comply with Article 15.17, V.A.C.C.P. There was no showing that a hearing was conducted or testimony taken. There was no order finding probable cause and binding the petitioner over to the grand jury. The amount of bail was simply endorsed on the "Warning by Magistrate" form. There was no separate order setting bail.

These facts are a far cry from *Guzman* where the order committing Guzman to jail and setting bail was shown to have been entered by the district court sitting as an examining court, and the testimony at the subsequent habeas hearing established there was in fact an examining trial.

The record further shows that the petitioner did not affirmatively waive an examining trial.

The petitioner is entitled to the relief sought. The majority is in error in holding that the petitioner has failed to sustain his burden of proof.

ROBERTS, CLINTON and TEAGUE, JJ., join in this opinion.

---

1. See and cf. *Ex parte Guzman*, supra, where *White* was cited with approval in a post-con-