Archie **JOHNSON**, Appellant,

v.

The **STATE** of Texas, State.

No. 2–84–299–CR.

Court of Appeals of Texas, Fort Worth.

Sept. 26, 1985.

Russell, Turner & Laird, Steve Laird, Alley & Alley, Richard Alley, Fort Worth, for appellant.

Tim Curry, Dist. Atty., and David L. Richards, Asst. Dist. Atty., Fort Worth, for State.

Before FENDER, C.J., and BURDOCK and JOE SPURLOCK, II, JJ.

### OPINION ON MOTION FOR REHEARING

JOE SPURLOCK, II, Justice.

This court issued its original opinion in this case on July 11, 1985, 693 S.W.2d 779. Following that date, both the State and the appellant, Archie Johnson, filed a motion for rehearing. Both motions are denied. However, upon reconsidering Johnson's grounds of error three and four, we withdraw our original opinion and substitute this therefor.

Johnson was charged by indictment with the offenses of receiving stolen property and unauthorized use of a motor vehicle. The indictment contained one enhancement paragraph. On his plea of not guilty, he was tried by a jury and found guilty of unauthorized use of a motor vehicle. Johnson further pled not true to the enhancement paragraph and after finding the paragraph to be true, the jury assessed his punishment at 15 years confinement in the Texas Department of Corrections.

We reverse and remand.

Johnson raises five grounds of error on appeal. His ground of error one challenges the sufficiency of the evidence to support the jury's verdict of guilty. Ground of error two contends that the trial court erred in allowing the State's attorney to make an improper jury argument. Johnson's ground of error three contends that the trial court erred in allowing the record of his prior conviction to be admitted into evidence over his objection. Ground of error four alleges that the evidence is insufficient to support the jury's verdict of true to the enhancement paragraph and ground of error five contends that the trial court erred in excusing a venireman for cause. In order to dispose of the present appeal, we need only consider Johnson's grounds of error one, three and four.

■ Johnson was found guilty of unauthorized use of a motor vehicle. TEX.PENAL CODE ANN. sec. 31.07 (Vernon 1974) provides that:

(a) A person commits an offense if he intentionally or knowingly operates another's boat, airplane, or motor-propelled vehicle without the effective consent of the owner.

(b) An offense under this section is a felony of the third degree.

At trial, Marifranc Mathis testified that she owned a four door 1979 Mercury Marquis which had a blue vinyl top and a white body. The car's vehicle identification number was 9Z62H704750, and its license number was UHX 875. She further testified that the car was taken to "MX Automotive" for repairs in late May or early June of 1984. The car was subsequently discovered to be missing and was not returned to her until around July 4 of 1984. Mathis testified that she did not give Johnson permission to drive the car.

Officer Harold Maples appeared at trial and testified that he was a patrol officer for the City of Fort Worth on June 20,

1984. He testified that on that date he noticed "a white '79 Mercury four door" with an expired inspection sticker. He stopped the car and issued the driver three citations. He identified Johnson as the driver of the car. Maples testified that the three citations were issued to an "Archie Johnson". The car had a license number of ZHH 448.

Detective Phillip Roe appeared and testified that he was investigating a burglary on July 3, 1984, when he came in contact with Johnson. Roe further testified that he accompanied Johnson to a parking lot on July 4, 1984, where Johnson directed him to a white 1979 Mercury Marquis four door which Johnson stated was his car. The license number on the car was ZHH 448. The car was searched and the three citations issued to Johnson were found in the trunk. The car's vehicle identification number was 9Z62H704750.

We find that the evidence is sufficient to support Johnson's conviction for unauthorized use of a motor vehicle. Johnson's ground of error one is overruled.

The indictment, in the present case, alleges that the offense was committed on or about June 14, 1984. It further states that Johnson is 17 years old and that his date of birth is February 23, 1967. The enhancement paragraph then alleges that Johnson was previously convicted of a felony on August 10, 1983. It is obvious from the face of the indictment, in the present case, that Johnson was a juvenile at the time of the alleged prior conviction.

At the punishment phase of trial, Johnson pled not true to the enhancement paragraph. He objected to the introduction of the "pen packet" record of his prior conviction, in that the conviction was void. Johnson based such objection on the fact that the record did not contain any indication that he had been certified as an adult and that the case had been transferred from juvenile court to the district court. Johnson's objection was overruled by the trial court.

The record of his prior conviction contained three judgments entered against

Johnson, each for the felony offense of burglary of a building. It further contained a mug shot and two finger print cards from the Texas Department of Corrections. One of these finger print cards contained additional information which indicated that Johnson was, at that time, 16 years old and that his date of birth was February 23, 1967. The record did not contain a transfer order from the juvenile court.

Johnson's ground of error three contends that the trial court erred in allowing evidence of a void conviction to be introduced for enhancement purposes. His ground of error four contends that the evidence to support the enhancement allegation was insufficient and that the State should be barred from again using the conviction for enhancement purposes in a subsequent trial. We agree with both grounds of error.

In order to prove an enhancement allegation, the State is entitled to rely upon a judgment and sentence which are valid on their face. Upon introducing copies of the judgment and sentence in the prior felony used for enhancement purposes and connecting them to the appellant, the State makes a prima facie case and the burden shifts to the appellant. *Tinney v. State*, 578 S.W.2d 137, 139 (Tex.Crim.App.1979). The State argues that they made such a prima facie showing and that Johnson presented no evidence to rebut such a showing. We do not agree with the State's argument.

TEX.PENAL CODE ANN. sec. 8.07(b) (Vernon Supp.1985) states that "[u]nless the juvenile court waives jurisdiction and certifies the individual for criminal prosecution, a person may not be prosecuted for or convicted of any offense committed before reaching 17 years of age ..." Absent a waiver of jurisdiction and transfer, the district court cannot acquire jurisdiction of the juvenile and any judgment it might render would be void. *See Ex parte Trahan*, 591 S.W.2d 837, 841 (Tex.Crim.App.1979) and *Watson v. State*, 587 S.W.2d 161, 163 (Tex.Crim.App.1979).

Under the circumstances of the present case, we conclude that the State did not meet its burden of making a prima facie showing that a valid prior conviction existed. The record introduced clearly shows that Johnson was a juvenile at the time of the prior conviction. In the absence of a transfer order, the district court would not have jurisdiction over Johnson and therefore the conviction would be void.

In *Galloway v. State,* 578 S.W.2d 142 (Tex.Crim.App.1979), the appellant attacked the use of a prior conviction for enhancement purposes by alleging that the juvenile court's order transferring the matter was invalid. *Id.* at 143. The Court of Criminal Appeals stated that:

A prior conviction that was alleged for enhancement may be collaterally attacked if it is void (as it would be if it were based on a fundamentally defective indictment) or if it is tainted by a constitutional defect (as it would be if an indigent defendant had been denied counsel in a felony trial). Other, lesser infirmities in a prior conviction may not be raised by a collateral attack. Such infirmities include insufficiency of evidence and irregularities in the judgment or sentence. It does not matter that such infirmities might have resulted in a reversal had they been presented by an appeal. [Footnotes omitted.]

*Id.* In the present case, Johnson specifically alleged that the prior conviction was void. The State never met its burden of proving that the district court had jurisdiction over Johnson at the time of his August 10, 1983 conviction.

In the present case, the prior judgment introduced by the State was void on its face, therefore, the State failed to make a prima facie showing. Absent a transfer order, the prior conviction would be void. *Cordary v. State,* 596 S.W.2d 889, 891 (Tex.Crim.App.1980). Therefore, the prior conviction would be subject to collateral attack. *Ex parte Pierce,* 621 S.W.2d 634, 635 (Tex.Crim.App.1981). Such an attack was available to Johnson at the time the State attempted to use the prior convic-

tion for enhancement purposes. *Galloway,* 578 S.W.2d at 143. It was incumbent on the State to prove the district court had jurisdiction over Johnson by introducing a transfer order, which the State failed to do.

The State argues that the burden was on Johnson to prove that no transfer order existed. We do not agree. The State, in the present case never met its burden of showing that a valid prior conviction ever existed. The evidence introduced by the State was insufficient to show the existence of a valid prior conviction.

In support of its position, the State cites this court to *Ex parte Williams,* 628 S.W.2d 454 (Tex.Crim.App.1982). In *Ex parte Williams,* the defendant collaterally attacked his conviction. The defendant alleged that after being certified as an adult, he was not accorded an examining trial before the district court. *Id.* at 455. The Court of Criminal Appeals found that the docket sheet tended to indicate that an examining trial had been held, therefore, the defendant did not meet his burden of proof. *Id.* We point out that *Ex parte Williams* did not deal with a prior conviction being used for enhancement purposes and further the evidence contained in the record in that case was sufficient to show a valid conviction.

The State also relies on *Acosta v. State,* 650 S.W.2d 827 (Tex.Crim.App.1983) and *Hankins v. State,* 646 S.W.2d 191 (Tex.Crim.App.1983). In both cases, the defendant attempted to collaterally attack out-of-state convictions. In *Hankins,* the defendant was a juvenile at the time of the prior conviction. *Hankins,* 646 S.W.2d at 200. The conviction in *Hankins,* however, was introduced at the guilt/innocence phase of trial and not for enhancement purposes. *Id.* In *Acosta,* the prior out-of-state convictions were being used for enhancement. *Acosta,* 650 S.W.2d at 828. The defendant in *Acosta* claimed that the prior convictions could not be used for enhancement because the record failed to show a waiver of indictment. *Id.* The convictions were not rendered against the defendant while he was a juvenile. In his concurring opinion, presid-

**512**

ing Judge Onion states: "He [Acosta] makes no claim the California convictions were void, only that the State did not meet its burden of proof." *Id.* at 834. It is clear that both *Hankins* and *Acosta* are distinguishable from the present case.

■■■ The initial burden of proof was on the State to show that a valid prior conviction existed. *See Diremiggio v. State*, 637 S.W.2d 926, 928 (Tex.Crim.App.1982) and *Johnson v. State*, 583 S.W.2d 399, 403 (Tex. Crim.App.1979). The evidence introduced by the State in the present case did not satisfy this initial burden. The evidence instead showed a void conviction because it failed to show that the district court had jurisdiction over Johnson at the time the conviction was rendered.

■■■ We hold that the State failed to carry its initial burden of showing that a valid prior conviction existed, as the evidence is insufficient to show that fact. In *Cooper v. State*, 631 S.W.2d 508 (Tex.Crim. App.1982), the court held that: "if the State fails to sufficiently prove all facts necessary to find an enhancement paragraph 'true', the State may not, at a new hearing in that cause have a second opportunity to prove the original allegations." *Id.* at 514. The State is, therefore, barred from again using the alleged conviction in cause no. F–83–97880–HT, for enhancement purposes upon remand of this case. Johnson's grounds of error three and four are sustained. We are, therefore required to reverse his conviction and remand the case to the trial court. *Ex parte Augusta*, 639 S.W.2d 481, 486 (Tex.Crim.App.1982).

We reverse Johnson's conviction and remand the case to the trial court.

FENDER, C.J., files a dissenting opinion.

HILL, J., recused.

FENDER, Chief Justice, dissenting.

I am now persuaded that this court erred in reversing this cause on original submission. I dissent from the substitute opinion and would vote to affirm the conviction.

At his trial, following conviction at the guilt-innocence phase, appellant was faced with the introduction of a pen packet offered by the State to support a recidivist pleading in the indictment. Appellant's counsel objected on the ground that the pen packet and other papers reflected that appellant was sixteen years of age at the time of the prior conviction and that the pen packet contained no certification order from a juvenile court remanding appellant to the district court for trial as an adult. Appellant offered no proof that such certification proceedings were not in fact held.

Appellant did not then and does not now attack the facial validity of the judgment and sentence contained in the pen packet. He simply takes the position that his objection puts the burden of proof on the State to show that certification was accomplished (thereby creating jurisdiction in the district court).

I feel that this case should be controlled by *Ex parte Williams*, 628 S.W.2d 454 (Tex.Crim.App.1982) and *Hankins v. State*, 646 S.W.2d 191 (Tex.Crim.App.1983). Williams attacked his conviction by way of habeas corpus on the ground that the record contained no proof that he had received an examining trial before he was indicted. The Court of Criminal Appeals refused relief on the ground that Williams had not sustained his burden of proof that no examining trial was in fact held. Hankins complained that prior convictions were inadmissible because he was only fifteen years of age when they occurred. In *Hankins*, the Court of Criminal Appeals held as follows:

Appellant attacks the admission of prior convictions during the guilt-innocence phase of the trial. It is contended that the procedure by which those convictions were obtained in Virginia were in violation of Texas law and that because there was no evidence before the court regarding Virginia law, it is presumed to be the same as Texas law. Appellant is attempting to collaterally attack the prior out-of-state convictions because he was fifteen at the time of commission and

conviction and the record contains no certification from Juvenile Court to Adult Felony Court. He argues the convictions to be void, drawing an analogy to convictions entered where a defendant is without the aid of counsel. Appellant's argument is without merit. In this collateral attack, as with a habeas corpus proceeding, it is his burden to demonstrate that the convictions are void by showing that the procedure was improper in Virginia. In *Ex Parte Rains*, 555 S.W.2d 478 (Tex. Crim.App.1977), it was noted:

" 'The burden of proof in a habeas corpus proceeding is upon the petitioner. It was incumbent upon the petitioner here by a preponderance of the evidence to show that he was indigent, had no counsel and did not affirmatively waive the right to counsel.' [Citations omitted.]"

" 'There being no evidence in support of appellant's contention, no reversible error is presented.' "

*Id.* at 200.

Since there was absolutely no evidence offered to show that appellant herein was not properly certified for adult trial he has wholly failed to meet the burden of proof that his prior conviction was invalid. The conviction should be affirmed.