**Joseph Daniel KENNEDY, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 01–89–01003–CR.**

Court of Appeals of Texas,
Houston (1st Dist.).

Oct. 11, 1990.

John E. Wright, Houston, for appellant.

John B. Holmes, Harris Co. Dist. Atty., Carol Cameron, Natalie Fleming & Dave Pendleton, Asst. Dist. Attys., for appellee.

Before SAM BASS, DUNN and MIRABAL, JJ.

OPINION

SAM BASS, Justice.

This is an appeal from a misdemeanor conviction for driving while intoxicated. The court found the appellant guilty, sentenced him to a $250 fine and 10 days confinement, probated for one year. The appellant contends the evidence was insufficient.

We affirm.

On May 16, 1989, Officer Johnson of the Houston Police Department, responded to an accident near a nightclub. At trial, Johnson at first testified that she arrived at the scene about 2:30 a.m. Later, when defense counsel asked if she received the dispatch at 2:30 a.m., she answered that 2:30 was the time the appellant was *arrested.*

At the scene, Johnson observed a woman lying on the ground complaining of neck and back injuries. Witnesses told Johnson that the woman had fallen off the tailgate of the appellant's vehicle when he drove through a ditch in the parking lot. Johnson testified that the parking lot was a public place in Harris County.

Johnson noted alcohol on the appellant's breath, that the appellant had "red glassy eyes," and "slurred speech." Johnson asked the appellant to perform the following field sobriety tests: (1) recitation of the alphabet; (2) the "head tilt" test; and (3) the "leg lift" test, all of which the appellant failed. The appellant "slurred his letters and he missed a couple." During the "leg lift" test, the appellant held his leg up for about thirty seconds, as requested, but he dropped his leg "two or three times in doing so." In performing the "head tilt" test, the appellant closed his eyes, tilted his head back, as requested, but was unable to stand still without swaying. Also, Johnson observed Officer Labdi give a sobriety field test to the appellant. Johnson testified that there was a strong odor of alcohol on the appellant's breath and she believed that

the appellant was intoxicated and placed him under arrest.

Dorene Henas testified that she went to a bar at approximately 12:30 a.m., and that the appellant was at the blackjack table. Henas "had a couple of drinks and danced" until she left the club with the appellant and several others at about 1:15 a.m. She only saw the appellant have one drink.

The appellant drove Henas and others across the parking lot on the tailgate of the appellant's pickup. There was a ditch located next to the driveway into the parking lot. The appellant drove into the ditch, got stuck, accelerated, and the passengers fell off the tailgate.

Henas estimated that the accident occurred about 1:15 or 1:20 a.m. The appellant called the police on his car phone. Henas testified that she was with the appellant between the time of the accident and when the police arrived "[a]bout five minutes," and the appellant had nothing to drink during that time. Henas, on cross examination, responded that the appellant could possibly have had a sip of alcohol when he entered the cab of his pickup to dial the numbers. Henas had worked as a cocktail waitress for about ten years, and had seen many intoxicated persons, and in her opinion, the appellant was not intoxicated at the time of the accident.

Officer W. Labdi, of the Houston Police Department, observed the appellant perform the "head tilt" test and stand on one foot. The appellant swayed about six or seven inches when he performed the "head tilt" test, and performed poorly when trying to stand on one foot because he "kept putting his leg down." The appellant had a strong odor of alcohol on his breath and Labdi believed that the appellant was intoxicated. The appellant was videotaped at the police station before he was placed in the jail, after refusing to take the breath test.

Officer Glover, of the Houston Police Department, videotaped the appellant. In his opinion, the appellant was intoxicated. The appellant swayed as he performed the "head tilt" test. He was also instructed to touch the tip of his finger to his nose and

he "missed several times." The appellant was instructed to touch his nose three times with each hand, but did it five times with each hand. Also, the appellant had an odor of alcohol on his breath. He failed to follow instructions when told to walk heel to toe, and "appeared to have a loss of balance during that test."

In reviewing a challenge to the sufficiency of the evidence, this Court must view all the evidence in the light most favorable to the verdict or judgment, and determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *Houston v. State*, 663 S.W.2d 455, 456 (Tex. Crim.App.1984). This standard of review applies to cases involving direct evidence, as well as those involving circumstantial evidence. *Id.* However, a conviction based on circumstantial evidence cannot be sustained if the circumstances do not exclude every other reasonable hypothesis except that of the guilt of the defendant. *Humason v. State*, 728 S.W.2d 363, 366 (Tex.Crim.App.1987).

The gravamen of the offense of driving while intoxicated under TEX.REV.CIV.STAT. ANN. art. 67011–1 (Vernon Supp.1990), is the operation of a motor vehicle, in a public place, while intoxicated. *Weaver v. State*, 721 S.W.2d 495, 498 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd). The State may prove intoxication by showing that the accused did not have the normal use of his physical or mental faculties by reason of the introduction of alcohol into the body. TEX.REV.CIV.STAT.ANN. art. 67011–1(a)(2)(A) (Vernon Supp.1990).

The appellant contends that the evidence was insufficient to prove that he was intoxicated at the time he was driving because there was a 75–minute lapse (from 1:15 to 2:30 a.m.) between the time of the accident, and the time the police arrived. In support of his contention that the evidence was insufficient to prove that he was intoxicated at the time he was driving, he cites *Johnson v. State*, 517 S.W.2d 536 (Tex. Crim.App.1975); *Weaver v. State*, 721 S.W.2d 495 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd); *Coleman v. State*, 704

S.W.2d 511 (Tex.App.—Houston [1st Dist.] 1986, pet. ref'd).

In *Johnson v. State*, 517 S.W.2d at 537–38, the defendant admitted to the investigating officer that he had driven the pickup truck that was sitting in a ditch beside the road. A breathalyzer test revealed the defendant had an alcohol concentration of 0.20. Notwithstanding these facts, the court found that the evidence was insufficient to sustain a conviction for driving while intoxicated because: (1) there was no evidence that the defendant had driven the vehicle on a public road, highway, street, or alley as was required under the law at that time; (2) there was no evidence showing when the defendant drove the truck or how recently it had been driven; and (3) there was no proof that the defendant drove the truck while he was intoxicated. *Id.* at 538.

In *Weaver v. State*, 721 S.W.2d at 496–97, 499, there was evidence that: (1) the defendant was driving at the time of the automobile accident in question; (2) the officer arrived at the scene approximately 15 to 20 minutes after the accident occurred; (3) the defendant appeared disoriented, unsure, and shaky, but the officer was not sure whether the symptoms resulted from the injuries or possible intoxication; (4) the defendant had a moderate odor of alcohol on his breath; (5) a blood sample taken approximately an hour and 10 minutes after the accident revealed an alcohol concentration of 0.16; (6) another blood sample, taken two hours and 30 minutes after the accident, revealed a blood alcohol level of 0.18; and (7) it takes approximately 30 minutes for the blood alcohol level to reach its maximum after a person with an empty stomach stops drinking and up to two hours on a full stomach. This Court emphasized in *Weaver*, 721 S.W.2d at 498, that evidence that the defendant was intoxicated at the time the police arrived is not sufficient, by itself, to prove that the accused was intoxicated at the time of driving:

> [I]n order to fix the time of an accused's unlawful driving to support a conviction for driving a motor vehicle while intoxicated, there must be some independent evidence of: (1) how recently the vehicle

had been driven, *Rawls v. State*, 167 Tex.Crim.R. 106, 318 S.W.2d 662 (1958); or (2) how much time had elapsed between the accident and the arrival of the police officer, *Sinast v. State*, 688 S.W.2d [631] at 632 [ (Tex.App.1985) ], so as to furnish the jury with an informed basis for determining the relationship, if any, between the accused's driving and his intoxication, if proven.

In *Coleman v. State*, 704 S.W.2d at 511, there was evidence that: (1) the officers arrived at the scene of a traffic accident; (2) the defendant admitted to the officers he had been driving; (3) the defendant had a strong odor of alcohol on his breath, was unsure of his balance, and swayed when he walked; and (4) the defendant had an alcohol concentration of 0.18. The court found the evidence to be insufficient that the defendant operated a motor vehicle while he was intoxicated because: (1) other than his extrajudicial confession, there was no evidence that the defendant drove the vehicle; and (2) there was no evidence linking the time of the accident with the time of the defendant's intoxication, i.e., there was only evidence that the defendant was intoxicated at the time the officers arrived. *Id.* at 512.

In our case, Officer Johnson observed that the appellant had red glassy eyes, slurred speech, and a strong odor of alcohol on his breath. Officers Johnson, Labdi, and Glover testified that the appellant performed poorly on various sobriety tests. Officers Johnson, Labdi, and Glover all opined that the appellant was intoxicated. Accordingly, there is evidence that the appellant was intoxicated when the police arrived at the accident scene, as well as when the appellant was videotaped at the police station. In addition, the State connected the appellant's intoxication at the accident scene to his condition at the time he was driving. Officer Johnson testified that she took a "couple of minutes" to arrive at the scene of the accident after she received the call from the dispatcher. Admittedly, Dorene Henas did testify that the accident occurred about 1:15 or 1:20 a.m., and Officer Johnson testified that she arrested the

appellant at about 2:30 a.m. However, He- nas further testified that she was with the appellant in between the time of the acci- dent and the time the police arrived for about five minutes. Henas also testified that she continuously watched the appel- lant from the time of the accident until the police arrived. From this evidence, a jury could infer that approximately five minutes transpired between the time of the accident and the time the police arrived. Therefore, unlike *Johnson* and *Coleman*, there was evidence linking the appellant's condition at the time of the accident, to his condition at the time the police arrived. The police arrived a short time after the accident. Ms. Henas testified that the appellant did not drink anything in between the time of the accident and the time the police arrived. Viewing the evidence in the light most fa- vorable to the verdict, a rational trier of fact could have found that the appellant was intoxicated at the time he drove his truck through the parking lot.

The appellant's point of error is over- ruled.

The judgment is affirmed.