Frankie Gene CRISS, Appellant,

v.

The STATE of Texas, Appellee.

Nos. 57320–57323.

Court of Criminal Appeals of Texas, Panel No. 2.

April 12, 1978.

W. John Allison, Jr., on appeal only, Dallas, for appellant.

Henry Wade, Dist. Atty. and Maridell Templeton, Asst. Dist. Atty., Dallas, Jim D. Vollers, State's Atty., Austin, for the State.

Before ONION, P. J., and DOUGLAS and ODOM, JJ.

OPINION

ODOM, Judge.

These are appeals from orders revoking probation.

Appellant, at the age of 16 years, was charged with acts constituting criminal offenses, and on November 15, 1976, the juvenile court entered an order waiving jurisdic-

tion and transferring appellant to the criminal courts for prosecution. V.T.C.A. Family Code, Sec. 54.02. On November 23 appellant and his attorney waived his right to an examining trial. Sec. 54.02(h), supra. On December 22 he waived his right to prosecution by indictment (Art. 1.141, V.A.C.C.P.), waived his right to trial by jury, agreed to stipulations of evidence (Art. 1.15, V.A.C.C.P.), judicially confessed to the four offenses charged against him, and pled guilty to the informations charging unauthorized use of a motor vehicle, burglary of a building, and two burglaries of habitations. He was found guilty by the court in all four cases, assessed ten years in each, and placed on adult probation. Art. 42.12, V.A.C.C.P.

One condition of appellant's probation was that he commit no offense against the laws. On May 4, 1977, the State filed motions to revoke probation alleging appellant committed the offense of retaliation (V.T.C.A., Penal Code Sec. 36.06) by intentionally and knowingly threatening to harm Annie Farrell by pointing a gun at her because she was a witness for the State in a case in which his girlfriend was charged with burglary. After a hearing on August 1, 1977, the court revoked the probation and pronounced sentence in each of the four cases.

It is appellant's single complaint on appeal that the original convictions are void because the criminal accusations were insufficient to invoke the jurisdiction of the trial court. It is not the language of the accusations that appellant challenges, but rather, the failure of the trial court to conduct an examining trial after the transfer from the juvenile court and prior to the filing of the informations. Sec. 54.02(h), supra. Citing *Ex parte Menefee,* Tex.Cr. App., 561 S.W.2d 822, appellant argues that an examining trial is an essential jurisdictional step in the process of bringing a juvenile to trial as an adult.

The State in reply distinguishes *Menefee,* supra, and asserts that the juvenile's right to an examining trial may be waived in accordance with the provisions of V.T.C.A.

Family Code, Sec. 51.09(a), and that such a waiver was executed here.

Sec. 51.09(a), supra, provides:

"Unless a contrary intent clearly appears elsewhere in this title, any right granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

(1) the waiver is made by the child and the attorney for the child;

(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

(3) the waiver is voluntary; and

(4) the waiver is made in writing or in court proceedings that are recorded."

In the record of each cause appears this waiver together with the order of the criminal district court to which appellant had been transferred:

WAIVER OF EXAMINING TRIAL

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES FRANKIE GENE CRISS, the above named defendant in person and with his attorney, and respectfully requests the court to allow him to waive his right to an examining trial before this court as to whether said Defendant should be certified to the Dallas County Grand Jury for further proceedings herein in accordance with the applicable statutes. Said Defendant having already been certified to this Court by the Judge of the Juvenile Court of Dallas County, Texas, and fully aware that he is entitled to an examining trial by this Court as a matter of law and that in an examining trial this Judge has authority to remand said Defendant to the jurisdiction of the Juvenile Court or that waiving this right he might be indicted by said Grand Jury to stand trial as an adult herein, now waives his rights to an examining trial and agrees that the Dallas County Grand Jury may hear and con-

sider this case as though said Defendant were 17 years of age as of the date of the alleged offenses.

The waiver was signed by appellant and his attorney. The trial judge signed the following order:

### ORDER

The above Waiver having been made and filed by said Defendant and his attorney in open Court, and the Court being of the opinion that said Waiver is voluntarily and intelligently made, it is the Order of that [sic] Court that all papers and instruments contained in this cause be forwarded to the Dallas County Grand Jury for whatever action that body may deem proper in this matter.

The issue in *Ex parte Menefee*, supra, was whether "an indictment returned against a juvenile after a discretionary transfer from juvenile court [is] void for the failure of the district court, to which the transfer was made, to conduct an examining trial prior to the return of the indictment. This Court held, "that the indictment, having been returned prior to an examining trial, is void, . . . that the indictment should be set aside, and the appellant accorded an examining trial."

The examining trial under discussion is more than the general examining trial provided for in Article 16.01, V.A.C.C.P., which may be waived, and the right to which is terminated by the return of an indictment. See authorities cited in *Menefee*, supra. The examining trial here discussed is mandated by the Family Code in Sec. 54.02(h):

"If the juvenile court waives jurisdiction, it shall state specifically in the order its reasons for waiver and certify its action, including the written order and findings of the court, and transfer the child to the appropriate court for criminal proceedings. On transfer of the child for criminal proceedings, he shall be dealt with as an adult and in accordance with the Texas Code of Criminal Procedure, 1965. The transfer of custody is an arrest. The examining trial shall be conducted by the court to which the case was transferred, which may remand the child to the jurisdiction of the juvenile court."

In comparing the general examining trial with the rights under this provision, the Court in *Menefee* wrote:

"There is, however, an additional feature to an examining trial for a juvenile who has been certified to district court for criminal proceedings. Said Sec. 54.02(h) provides that after such examining trial the court may remand the juvenile to juvenile court, thus terminating criminal proceedings against the juvenile. While the same subsection (h) provides that the juvenile shall be dealt with as an adult, the district court in an examining trial for an adult has no authority to remand an adult to juvenile court. Thus, a juvenile in such situation has an additional right that other 'adults' do not have. It is a valuable right, for it furnishes another opportunity to have the criminal proceedings against the juvenile terminated and the jurisdiction of the juvenile court resumed."

The issue here reduces to the question of whether the examining trial under Sec. 54.02(h), supra, is a mandatory jurisdictional step in the process for invoking the court's power to try a juvenile as an adult or whether Sec. 54.02(h) creates a right that the accused may waive in accordance with Sec. 51.09(a), supra.

Although the Court in *Menefee* stated that an indictment returned prior to the examining trial is void, in that case there was neither an examining trial nor a waiver of examining trial in compliance with Sec. 51.09(a), supra. Furthermore, *Menefee* also stated, as quoted above, that the Sec. 54.02(h) examining trial provided an additional and valuable right for the juvenile certified for criminal prosecution as an adult. When understood as a right created by Sec. 54.02(h), supra, the examining trial falls within the express terms of the Sec. 51.09(a) waiver provision.

In *King v. State,* Tex.Cr.App., 473 S.W.2d 43, the Court addressed the issue of

whether an indictment is jurisdictional for prosecution of a felony or is a right for the benefit of the accused that may be waived under Article 1.141, V.A.C.C.P. After careful consideration of the historical origins of the practice and the purposes to be served by the indictment, it was held the use of an indictment was not jurisdictional. By compliance with the statutory procedure and substitution of the alternative accusatory pleading provided by Art. 1.141, supra, the right to prosecution by indictment was held subject to waiver. Certainly the Sec. 54.-02(h) examining trial which was held in *Menefee* to be prerequisite to indictment is no more jurisdictional than the indictment itself. Just as the right to indictment may be waived by affirmative act in conformity with the terms of Art. 1.141, supra, we hold the rights secured by the examining trial under Sec. 54.02(h), supra, may be waived by affirmative act in conformity with the terms of Sec. 51.09(a), supra.

The records in the cases before us reflect waivers of the right to an examining trial in writing, signed by appellant and his counsel, reciting appellant's awareness of both the nature and protections afforded by the right and the consequences of his waiver of it. Each waiver is accompanied by the trial court's order finding the waiver to be voluntarily and intelligently made, and nothing in the record contradicts that finding. Indeed, appellant does not challenge the sufficiency of the waivers; his challenge is to the permissibility of any waiver whatsoever. We hold the right may be waived and find the waivers here are in full compliance with the statutory standards. Accordingly, we hold the trial court did have jurisdiction of appellant and his cases when it received appellant's guilty pleas and placed him on probation. Appellant's contention in each case is overruled.

The judgments are affirmed.