**Ex parte Dean BUCHANAN.**

**No. 62653.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 24, 1979.

---

Robert Huttash, State's Atty., Austin, for the State.

## OPINION

CLINTON, Judge.

This is a post-conviction habeas corpus proceeding pursuant to Article 11.07, V.A.C.C.P. Petitioner was convicted of the offense of murder on May 14, 1969 and on appeal, the judgment was affirmed. *Buchanan v. State,* 453 S.W.2d 479 (Tex.Cr.App.1970). The petitioner asserts that the judgment of conviction is void in that he was not provided an examining trial as required by Article 2338–1, § 6(j), V.A.T.S. (repealed) before the indictment was returned by the grand jury.[1] For reasons more fully developed below, we agree with petitioner's assertion and, accordingly, grant the relief requested.

On March 11, 1968 petitioner, a juvenile, was certified to be tried as an adult and the cause was transferred to the Criminal District Court of Tarrant County for trial. On original submission to this Court, we remanded the proceedings to the trial court so that specific findings could be made regarding whether petitioner was granted an examining trial and if not, whether a waiver of said examining trial, was in fact, made. In his supplemental findings of fact, the trial court has found that the record does not show that petitioner was granted an examining trial before the grand jury returned the indictment against him on May 21, 1968, and the record does not show that an examining trial was waived. See *Criss v. State,* 563 S.W.2d 942 (Tex.Cr.App.1978).

A majority of this Court has held that absent a waiver made pursuant to V.T.C.A. Family Code, § 51.09(a), the failure to afford a juvenile who has been certified as an adult an examining trial before he is indicted renders the indictment void. *White v. State,* 576 S.W.2d 843 (Tex.Cr.App.

1979); *Jones v. State,* 576 S.W.2d 853 (Tex. Cr.App.1979).

It is, of course, well settled that a void indictment may be successfully attacked in a collateral proceeding. *Ex parte Banks,* 542 S.W.2d 183 (Tex.Cr.App.1976); *Ex parte Jones,* 542 S.W.2d 179 (Tex.Cr.App.1976); *Ex parte Legg,* 571 S.W.2d 930 (Tex.Cr.App.1978). Petitioner is, therefore, entitled to relief.

Accordingly, the writ is granted, the conviction is set aside and the indictment in Cause No. C–3–343 is dismissed. Therefore, petitioner is released from custody and every manner of restraint in his personal liberty as a consequence of the conviction.[2] The Clerk of this Court is directed to forward a copy of this opinion to the Texas Department of Corrections.

It is so ordered.

---

1. We note that the State has conceded that, under the authority cited herein, petitioner is entitled to the relief requested.

2. Articles 11.07 and 11.64, V.A.C.C.P.; *Ex parte Guzman,* 551 S.W.2d 387 (Tex.Cr.App.1977).