**Ex parte Fernando THOMPSON.**

**No. 69013.**

Court of Criminal Appeals of Texas, En Banc.

Oct. 20, 1982.

Rehearing Denied Nov. 24, 1982.

Ramie H. Griffin, Jr., Beaumont, for appellant.

James S. McGrath, Dist. Atty. and John R. DeWitt, Asst. Dist. Atty., Beaumont, Robert Huttash, State's Atty., Austin, for the State.

## OPINION

ODOM, Judge.

This is a petition for habeas corpus alleging that Fernando Thompson is being illegally confined at the Texas Department of Corrections in Walker County as a result of a final conviction of rape in Cause No. 32975 in the Criminal District Court of Jefferson County on November 17, 1975.

Applicant urges one ground: after he was certified to stand trial as an adult, but prior to his conviction and plea on a waiver of indictment, that no examining trial was had nor did he waive one.

V.T.C.A., Family Code Sec. 51.09(a) "Waiver of Rights" states:

"Unless a contrary intent clearly appears elsewhere in this title, any right

granted to a child by this title or by the constitution or laws of this state or the United States may be waived in proceedings under this title if:

"(1) the waiver is made by the child and the attorney for the child;

"(2) the child and the attorney waiving the right are informed of and understand the right and the possible consequences of waiving it;

"(3) the waiver is voluntary; and

"(4) the waiver is made in *writing* or in court proceedings that are recorded." (Emphasis added.)

The examining trial, if waived, must be waived by an affirmative act. One type of affirmative act is a writing "reciting [defendant's] awareness of both the nature and protections afforded by the right and the consequences of his waiver of it . . . accompanied by the trial court's order finding the waiver to be voluntarily and intelligently made. . . ." *Criss v. State,* Tex.Cr. App., 563 S.W.2d 942, 945. (Emphasis added.)

Another type of affirmative act would be an explicit declaration or response by the defendant and his attorney to an inquiry in court as to waiver of an examining trial. The declaration or response must be recorded and conform to the requirements of V.T.C.A., Family Code Sec. 51.09.

The habeas court received evidence by affidavit and found petitioner was a juvenile and had not received an examining trial nor had he expressly waived the right in writing. The evidence supports these findings. The court also found that petitioner "by his conduct" waived the right. Such a waiver is not permissible under Sec. 51.09(a), supra. The record shows petitioner did expressly waive the right to be tried on an indictment and requested to be prosecuted on an information. However, these waivers do not expressly waive an exam-

ining trial. Further the "general waiver" in the "Guilty Plea Memorandum" is not sufficient to waive the specific requirements of V.T.C.A., Family Code Sec. 51.-09(a).[1]

Petitioner is entitled to relief. He shall be discharged from further confinement under the conviction in Cause 32975 in the Criminal District Court of Jefferson County. A copy of this opinion will be sent to the Texas Department of Corrections.

It is so ordered.

McCORMICK, J., concurs in the result.

---

1. This form waiver on a page with eight other form waivers and declarations simply states "GENERAL WAIVER: I expressly give up and waive all other rights given me under the law, whether of substance, form or of a procedural nature and acknowledge that any error which may have been committed was harmless." This form is without effect in the face of Sec. 51.09(a), supra.