James **WILLIAMS**, Jr., Appellant,

v.

The **STATE** of Texas, Appellee.

No. 05–83–00155–CR.

Court of Appeals of Texas,
Dallas.

Feb. 28, 1984.

---

**1.** See *Ex parte Ivy,* 419 S.W.2d 862 (Tex.Cr.App. 1967), and authorities cited therein.

768

Fred Tinsley, Dallas, for appellant.

Henry Wade, Dist. Atty., Anne Wetherholt, Asst. Dist. Atty., Dallas, for appellee.

Before STOREY, SPARLING and GUILLOT, JJ.

GUILLOT, Justice.

This is an appeal from a conviction of unlawful possession of a firearm by a felon in violation of TEX.PENAL CODE ANN. § 46.05 (Vernon 1974). The jury assessed punishment at ten years' confinement and a $5,000.00 fine. For the reasons below, we affirm.

The evidence shows that on January 27, 1982, Officer Hans Bryson observed appellant place a pistol under the right rear tire of an automobile in a parking lot. Bryson and another officer drove to the parking lot and recovered the pistol. Appellant was then arrested.

In his first ground of error, appellant contends that the evidence was insufficient to show that the prior conviction of assault with intent to commit rape was a felony involving an act of violence to a

person, as alleged in the indictment in the instant case. Appellant argues that whether the prior conviction involved violence to a person was a fact issue for the jury. The trial court charged that it involved violence to a person as a matter of law. We disagree with appellant because the indictment of the prior conviction charged that appellant did "make an assault" upon the complainant "with the intent then and there *by force* and without her consent to have carnal knowledge" (emphasis added) of the complainant. The judgment in the prior conviction reflects that appellant was guilty as charged in the indictment. This evidence was sufficient to prove that the prior conviction was for a felony involving an act of violence as a matter of law. *Cf. Scott v. State*, 571 S.W.2d 893, 895 (Tex.Cr. App.1978) (stating that "[r]obbery by assault is a felony involving violence or threatened violence against a person as a matter of law").

In his second ground of error, appellant contends that the conviction in the instant case is void because the prior conviction used to enhance punishment was obtained when appellant was a juvenile who was not afforded due process of law and the required statutory procedure in juvenile delinquency proceedings was not followed. Under the relevant statutory provision of TEX.REV.CIV.STAT.ANN. art. 2338–1, § 6 (repealed 1973), certain procedures were required to be conducted upon transfer of a child (person under age seventeen) from a juvenile court to a criminal district court. We quote Article 2338–1, § 6 in pertinent part:

(j) If the juvenile court waives jurisdiction it shall certify its action, including the written order and findings of the court and accompanied by a complaint against the child, and transfer the child to the appropriate district court or criminal district court for criminal proceedings. Upon transfer of the child for criminal proceedings he shall be dealt with as an adult and in accordance with the Code of Criminal Procedure. The transfer of custody is an arrest. However, the examining trial shall be conducted by the district court or criminal district court which may remand the child to the jurisdiction of the juvenile court.

(k) If the child's case is brought to the attention of the grand jury and the grand jury does not indict for the offense charged in the complaint forwarded by the juvenile court, the district court or criminal district court shall certify the grand jury's failure to indict to the juvenile court. Upon receipt of the certification the juvenile court may resume jurisdiction of the child.

In *Ex parte Menefee*, 561 S.W.2d 822 (Tex.Cr.App.1977), the Court of Criminal Appeals reviewed TEX.FAM.CODE ANN. § 54.02(h), (i) (Vernon 1975), the successor statute to Article 2338–1, § 6(j), (k). The court held that § 54.02 required (1) a hearing to be conducted in juvenile court to determine if that court should waive jurisdiction and certify the juvenile for criminal proceedings; (2) upon certification, an examining trial to be conducted by the court to which the case is transferred; and (3) if bound over from the examining trial, the case to be presented to the grand jury and an indictment returned against appellant. The Court of Criminal Appeals has expressly extended the holding of *Menefee* to apply to the pertinent parts of the prior statute, Article 2338–1. *Ex parte Trahan*, 591 S.W.2d 837, 841 (Tex.Cr.App.1979) (*en banc*); *Ex parte Guzman*, 589 S.W.2d 461, 463 n. 1 (Tex.Cr.App.1979) (*en banc*).

 Thus under *Menefee*, appellant was entitled to full procedural safeguards if he was a juvenile and transferred from the juvenile court to the district court in the previous trial. Appellant raises his contention that he was not afforded the procedural safeguards for the first time in a collateral attack on the prior conviction. We may consider his contention since lack of procedural safeguards in the prior conviction would render the indictment in the prior conviction defective, *White v. State*, 576 S.W.2d 843 (Tex.Cr.App.1979) (*en banc*), and thus the prior conviction would

be void. *Galloway v. State,* 578 S.W.2d 142 (Tex.Cr.App.1979). However, just as in an application for a writ of habeas corpus, *see Ex parte Alexander,* 598 S.W.2d 308 (Tex.Cr.App.1980) (*en banc*), the burden of proof is on appellant. Although in a direct appeal the burden would be on the State to show that the record from the trial "affirmatively reflect[s] that an examining trial has in fact been held in the District Court to which the juvenile is transferred," *White,* 576 S.W.2d at 845, in a collateral attack the appellant "bears the burden of proving his factual allegations." *Ex parte Alexander,* 598 S.W.2d at 310; *see also Ex parte Williams,* 628 S.W.2d 454 (Tex.Cr. App.1982) (*en banc*).

In the instant case, all that appellant has shown is that a jail book-in card, an uncertified record, reflects his age as "16" at the time of the previous *arrest.* In addition to this evidence, the record of the prior trial was admitted. However, the entire record of that trial is not before us on appeal. Only the transcript appears before us in this record. Appellant's attorney objected that appellant was sixteen at the time of the prior offense and that no examining trial was reflected in that record. However, the court did not rule on that objection. We note that, if the date of birth that appellant's attorney alleged at trial and claimed was in the record was correct, then appellant was over 17 years of age at the time he was *charged* with the prior offense, and thus, under TEX.REV. CIV.STAT.ANN. art. 2338–1, §§ 3, 6(b) (repealed 1973), none of the transfer provisions would apply. *Ex parte Morgan,* 595 S.W.2d 128 (Tex.Cr.App.1980) (*en banc*). We do not find appellant's birthdate in the appellate record. *Cf. Bannister v. State,* 552 S.W.2d 124, 125 (Tex.Cr.App.1977) (birth certificate of appellant was competent evidence of date of birth). Finally, the appellant elicited testimony from a police officer to the effect that the officer "did not see any" certification in the prior record, *see* TEX.REV.CIV.STAT.ANN. art. 2338–1, § 6(j) (repealed 1973), and that the case involved a juvenile. This evidence is not sufficient to prove that appellant was not afforded due process of law and the required statutory procedure. Appellant did not even show that he was charged with the prior offense before the time he reached seventeen, thus invoking the applicable statutory requirements. *Morgan,* 595 S.W.2d at 130. We hold that appellant has not sustained his burden of proof. *Cf. Jordan v. State,* 635 S.W.2d 522, 525 n. 9 (Tex.Cr.App.1982) (*en banc*) (Clinton, J., concurring) (appellant made a prima facie showing, through introduction of the entire files of the prior conviction, including docket sheets, compiled in both the *juvenile court* and district court causes, that he was sixteen years of age at the time of the prior offense and the conviction thereof and that no examining trial was conducted prior to indictment). *See also Ex parte Pierce,* 621 S.W.2d 634 (Tex.Cr.App.1981) (*en banc*) (the trial court made findings of fact that the applicant was sixteen years old at the time of the conviction; that he never waived his right to be tried as a juvenile; and that the juvenile court never waived jurisdiction over him or certified him for criminal proceedings as an adult. The court concluded the conviction was void.). We overrule appellant's second ground of error.

Affirm.