IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. AP-73,932






EX PARTE JAMES OTIS BROWN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


FROM CAUSE NO. F89-91915 OUT OF 

CRIMINAL DISTRICT COURT NO. 2

FROM DALLAS COUNTY





 Keasler, J., filed this dissenting opinion in which Keller, P.J., and Hervey, J.,
joined.


O P I N I O N



 Brown's due process claim fails for three reasons: (1) he forfeited any claim of error
by his failure to object at trial; (2) he forfeited his claim by failing to raise it on direct appeal;
and (3) he fails to satisfy his burden of proof. Because the majority holds otherwise, I
dissent.

Preservation of Error


 Brown forfeited this claim of error by failing to object at trial. Just three years ago,
in Hull v. State, (1) this Court made clear that a claim that a trial judge prejudged the
defendant's sentence is forfeited by the failure to object at trial. Hull was a direct appeal
case, but we have indicated that rules regarding preservation of error apply on habeas as
well. (2) The majority attempts to distinguish this case from Hull on the grounds that, in Hull,
the defendant "was fully aware of the court's policy . . . and did not object," while in this
case, the judge imposed the maximum sentence "without any explanation for its basis." (3) 

 But the majority itself disagrees with this statement. Later in its opinion, the majority
summarizes the facts as follows: "Judge Baraka promised applicant at the original plea
hearing that he would impose the maximum punishment of 20 years if applicant failed to
report to his probation officer. He reminded applicant at the adjudication hearing of this
earlier colloquy, and applicant agreed 'You said you'd give me twenty years' if applicant
failed to report to his probation officer. Judge Baraka then sentenced applicant to 20 years
imprisonment, exactly as he had previously promised." (4) Based on this rendition of the
record, Brown was "fully aware" that Judge Baraka was sentencing him to 20 years because
of an earlier promise. As a result, he could have objected.

 Indeed, Brown himself recognizes this. He contends that the trial court violated his
due process rights "by failing to and/or refusing to consider the full range of punishment by
sentencing petitioner using a predetermined sentencing procedure." He quotes pages from
the record where Judge Baraka says such things as, "You're not asking me to do anything but
what I said, aren't you? I told you what I was going to do if you did this, didn't I? You
remember that long conversation I had when I put you on probation? I told you what I'll do
about it if you did." (5) Brown argues that this record "reflects Judge Baraka made good on a
promise in which petitioner did not have anything to say about the punishment. Without
considering any evidence, not considering the full range of punishment." (6) He also complains
that counsel failed to object to the court's predetermined sentencing procedures, "especially
when Judge Baraka repeatedly made it clear that he would sentence petitioner according to
a promise he made in 1989." (7) There is no reason why Brown could not have objected.

 The majority also finds that an objection was not necessary because in this case, "as
with many ineffective assistance of counsel claims, the trial record, by itself, is not
necessarily adequate for the defendant to object and present a valid constitutional claim at
the time of the conduct." (8) With this statement, the majority confuses two different points of
law. We have held that, when a defendant argues that he received ineffective assistance of
counsel, the trial record may be inadequate to resolve his claim. (9) This is not the same as
holding that the defendant need not object to errors occurring at trial. Regardless of whether
a record is adequate to resolve a claim, objections are still required to preserve trial errors.
Of course, a defendant need not object to receiving ineffective assistance of counsel, since
that would be impossible - it would require a deficiently-performing lawyer to lodge an
objection against his own performance. A claim of prejudgment of sentence is obviously
different. It is not impossible to object to this error. 

 Finally, excusing Brown's failure to object creates an odd loophole in the law. If
litigants have to object to obtain relief on direct appeal, but do not have to object to obtain
relief on habeas, then those who fail to object will simply bypass direct appeal and seek relief
on habeas. But if the claim need not be raised on direct appeal, then Hull's holding requiring
an objection becomes meaningless.

 I believe an objection was required to preserve this error and Brown's failure to do
so waived it.

Appellate Remedy


 Brown also forfeited this claim by failing to raise it on direct appeal. We have long
held that "[t]he Great Writ should not be used to litigate matters which should have been
raised on appeal." (10) We recently reiterated in Ex parte Townsend (11) that "even a constitutional
claim is forfeited if the applicant had the opportunity to raise the issue on appeal" and failed
to do so.

 The majority concludes that this case qualifies as an "exception in which a habeas
applicant may raise his due process claim for the first time by writ of habeas corpus. As with
the vast majority of ineffective assistance of counsel claims, the trial record is insufficient
to allow an appellate court to resolve the issue." (12) With this, the majority creates an
exception that swallows the rule.

 The exception to which the majority refers was first articulated in Ex parte Torres. (13) 
We were addressing the rule that "a claim which was previously raised and rejected on direct
appeal is not cognizable on habeas corpus." (14) We concluded that "this doctrine should not
be applied where direct appeal cannot be expected to provide an adequate record to evaluate
the claim in question, and the claim might be substantiated through additional evidence
gathering in a habeas corpus proceeding." (15) 

 We then explained in some detail why a claim regarding ineffective assistance of
counsel came within this exception:

 In most instances, the record on direct appeal is inadequate to develop an
ineffective assistance claim. Moreover, the inadequacy of the appellate record
in these situations is due to the inherent nature of most ineffective assistance
claims. The very ineffectiveness claimed may prevent the record from
containing the information necessary to substantiate such a claim. Moreover,
the trial record ordinarily does not reflect counsel's reasons for doing or failing
to do actions of which the defendant complains. While expansion of the
record may be accomplished in a motion for new trial, that vehicle is often
inadequate because of time constraints and because the trial record has
generally not been transcribed at this point. Further, mounting an ineffective
assistance attack in a motion for new trial is inherently unlikely if trial counsel
remains counsel during the time required to file such a motion. Hence, in most
ineffective assistance claims, a writ of habeas corpus is essential to gathering
the facts necessary to adequately evaluate such claims. (16)


 Since then, we have only applied the Torres exception to claims regarding ineffective
assistance of counsel, (17) although we have expanded it to include situations in which the
applicant fails to raise the claim on direct appeal. (18) 

 The majority applies the Torres exception to this case because, according to the
majority, in this case "the trial record is insufficient to allow an appellate court to resolve the
issue." (19) The problem with this rationale is that it considers this case individually instead of
considering prejudgment claims generally. That is, the Torres exception should not be
applied every time a particular litigant is unable to prove his claim on direct appeal. Instead,
it should be limited to categories of claims which, as a whole, may not be proved on direct
appeal. Otherwise, it will be applied whenever a defendant has a claim which is not
supported by the trial record, and the Torres exception will completely swallow the Banks
and Acosta rules.

 Our courts of appeals have made clear that a claim regarding prejudgment of
sentence, (20) even one concerning Judge Baraka himself, (21) may be considered (and found
meritorious) on direct appeal. If those records were adequate to evaluate a prejudgment
claim, then this one is, too. As a result, the Torres exception should not apply to a claim
regarding prejudgment of sentence. Therefore, Brown procedurally defaulted his claim by
failing to raise it on direct appeal.

Burden of Proof


 Finally, Brown fails to satisfy his burden of proof. We have repeatedly held that the
burden of proof in a habeas application is on the applicant to prove his factual allegations by
a preponderance of the evidence. (22) But today, the majority puts the burden of proof on the
State to show that Judge Baraka did not prejudge the sentence. The majority presumes that
prejudgment occurred in the face of no evidence to the contrary. (23) But it is Brown's job to
produce evidence that demonstrates prejudgment by a preponderance of the evidence. It is
not the State's job to prove that no prejudgment occurred.

 The majority concedes that, when we remanded this application, "the bare record
could [have] support[ed] a finding of punishment prejudgment. . . [but] there might also
[have] be[en] other reasons, not apparent on the record, which would [have] explain[ed]
Judge Baraka's sentence." (24) So at that time, Brown had not satisfied his burden of proof. 
He had shown a possibility of prejudgment, but he had not shown prejudgment by a
preponderance of the evidence. Then, at the evidentiary hearing on remand, the majority
concedes, "Judge Baraka forthrightly acknowledged that he could not remember anything
about this case." (25) Obviously, then, Brown was still unable to satisfy his burden of proof after
the remand.

 The majority finds significance in the fact that Judge Baraka testified that he "would
have considered mitigating evidence in deciding whether to revoke probation." (26) The
majority says that this testimony "tells us nothing . . . about whether Judge Baraka carried
through on his original promise to applicant to impose the maximum sentence . . . ." (27) This
is true. And as a result, Brown fails to satisfy his burden of proof. As noted, Judge Baraka
remembered nothing about this particular case. The fact that Judge Baraka testified that he
"would have considered mitigating evidence in deciding whether to revoke probation" does
not mean that Judge Baraka would not have considered mitigating evidence in deciding what
sentence to impose. Nothing in Judge Baraka's testimony demonstrates that he prejudged
Brown's sentence. 

 Brown fails to satisfy his burden of proof, and the majority errs in placing the burden
of proof on the State instead of Brown.

Conclusion


 Brown forfeited any claim of error by failing to object at trial. He forfeited his claim
by failing to raise it on direct appeal. And he fails to satisfy his burden of proof. Because
the majority holds otherwise, I dissent. I also note that, despite the majority's reference to
ineffective assistance claims, the majority does not reach Brown's claims of ineffective
assistance of counsel. Neither do I. The majority grants Brown relief on his prejudgment
claim, and I dissent to that holding. 


DATE DELIVERED: January 12, 2005


PUBLISH






1. 67 S.W.3d 215 (Tex. Crim. App. 2002).
2. Ex parte Pena, 71 S.W.3d 336, 337 (Tex. Crim. App. 2002).
3. Ante, slip op. at 5 n.3.
4. Id. at 11-12.
5. Writ record at 4.
6. Id.
7. Id. at 5.
8. Ante, slip op. at 5 n.3.
9. Ex parte Torres, 943 S.W.2d 469, 475 (Tex. Crim. App. 1997).
10. Ex parte Banks, 769 S.W.2d 539, (Tex. Crim. App. 1989); Ex parte Groves, 571
S.W.2d 888, 890 (Tex. Crim. App. 1978).
11. 137 S.W.3d 79, 81 (Tex. Crim. App. 2004).
12. Ante, slip op. at 6.
13. 943 S.W.2d at 475.
14. Ex Parte Acosta, 672 S.W.2d 470, 472 (Tex. Crim. App.1984).
15. Torres, 943 S.W.2d at 475.
16. Id. (internal citations omitted).
17. Ex Parte White, 2004 WL 2179272 *1 n.1 (Tex. Crim. App. 2004); Ex parte
Nailor, 2004 WL 574634 *3 (Tex. Crim. App. 2004); Ex parte Varelas, 45 S.W.3d 627, 630
(Tex. Crim. App. 2001); Thompson v. State, 9 S.W.3d 808, 813-14 (Tex. Crim. App. 1999).
18. White, 2004 WL 2179272 *1 n.1.
19. Ante, slip op. at 6.
20. Howard v. State, 830 S.W.2d 785 (Tex. App. - San Antonio 1992, pet. ref'd).
21. Earley v. State, 855 S.W.2d 260 (Tex. App. - Corpus Christi 1993, pet. dism'd);
Jefferson v. State, 803 S.W.2d 470 (Tex. App. - Dallas 1991, pet. ref'd).
22. Ex parte Thomas, 906 S.W.2d 22, 24 (Tex. Crim. App. 1995); see also Ex parte
Cruz, 739 S.W.2d 53, 59 (Tex. Crim. App. 1987); Ex parte Salinas, 660 S.W.2d 97, 101
(Tex. Crim. App. 1983); Ex parte McWilliams, 634 S.W.2d 815, 818-19 (Tex. Crim. App.
1980); Ex parte Alexander, 598 S.W.2d 308, 309 (Tex. Crim. App. 1980); Ex parte Sanders,
588 S.W.2d 383, 385 (Tex. Crim. App. 1979); Ex parte Rains, 555 S.W.2d 478, 481 (Tex.
Crim. App. 1977).
23. Ante, slip op. at 11 ("Judge Baraka's testimony does not support the conclusion that
he did not prejudge applicant's punishment."; "There is nothing in this record to suggest that
applicant's case falls into the .8% of the cases that Judge Baraka did not follow his normal
routine."); at 12 ("There is nothing in the habeas record on remand which contradicts this
promise of 20 years punishment and its imposition . . .").
24. Id. at 4-5.
25. Id. at 9.
26. Id. 
27. Id.